KRISTINA ZINNEN, Bar No. 245346
LINDA BALDWIN JONES, Bar No. 178922
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         kzinnen@unioncounsel.net
         lbjones@unioncounsel.net
         tmainguy@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the NORTHERN CALIFORNIA UFCW WHOLESALE HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>LEHAR SALES CO., a California corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT (ERISA 29 U.S.C. §1001, ET SEQ., 29 U.S.C. §185)** |

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

**I.**

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district court since contributions are due and payable in the County of San Francisco.  Therefore, intradistrict venue is proper.

///

1
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## PARTIES

**II.**

At all times material herein, Plaintiff The Board of Trustees were Trustees of the Northern California UFCW Wholesale Health and Welfare Trust Fund (hereinafter "Trust Fund").  At all times material herein, the above-named Trust Fund was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132).  The above-named Trust Fund is administered by a Board of Trustees which may bring this action in the name of the Trust Fund pursuant to the express provisions of the Trust Agreement for the Trust Fund.  The above named Trust Fund and its respective Board of Trustees shall hereinafter be designated collectively as "Plaintiff."

**III.**

At all times material herein, Defendant LEHAR SALES CO. (hereinafter referred to collectively as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**IV.**

At all relevant times, the United Food & Commercial Workers Union (hereinafter "Union"), a labor organization within the meaning of section 301 of the Labor Management Relations Act (29 U.S.C. § 185), and Defendant were signatory and bound to a collective bargaining agreement.  The collective bargaining agreement by its terms incorporates the Trust Agreement establishing the Trust Fund.  By said collective bargaining agreement, Defendant promised that it would contribute and pay to Plaintiff the monthly amount required by the collective bargaining agreement for eligible employees who performed work covered by said collective bargaining agreement, and that it would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreement for the Trust Fund ("Trust Agreement")

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

(hereinafter the collective bargaining agreement and Trust Agreement are collectively referred to as "Agreements").

V.

The Trust Agreement provides for prompt payment of all employer contributions to the Trust Fund and provides for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Fund in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Fund.  The Trust Agreement also provides for the payment of interest on all delinquent contributions, attorneys' fees, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiff to ascertain whether all fringe benefit contributions have been timely paid as required by the Agreements and law.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT BASED ON AUDIT)**

VI.

Plaintiff incorporates and realleges by reference all the allegations stated hereinabove.

VII.

Pursuant to the Agreements, an audit of the books and records of Defendant for the period of July 3, 2016 to October 17, 2017 was conducted, which revealed that fringe benefit contributions to the Trust Fund have not been submitted as required by said Agreements.

VIII.

Demand has been made of Defendant for payment of the amounts determined to be due and owing pursuant to the audit.  To date, Defendant has refused to pay such amounts and there is now due, owing and unpaid to the Trust Fund from Defendant, fringe benefits contributions, liquidated damages and interest in the amount of at least $79,534.87 in relation to such unpaid contributions which have not been submitted to the Trust Fund as required by said Agreements.

IX.

Plaintiff is the intended third-party beneficiary of the collective bargaining agreement. Neither the Trust Fund nor the collective bargaining agreement evidence an intention to require the Health and Welfare Trust Fund to arbitrate disputes under the grievance procedure of the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

collective bargaining agreement. The Trust Fund is not required to exhaust the arbitration procedure of the collective bargaining agreement before seeking to enforce the Trust Agreement.

X.

Plaintiff has complied with all conditions on their part to be performed under the terms of the applicable Agreements.

XI.

Plaintiff is entitled to reasonable attorneys' fees, interest, and other reasonable expenses incurred in connection with this matter due to Defendant's failure and refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

**SECOND CLAIM FOR RELIEF**
**(ACTUAL DAMAGES FOR BREACH OF CONTRACT)**

XII.

Plaintiff incorporates and realleges by reference all the allegations stated above.

XIII.

Defendant failed, neglected and refused to make timely fringe benefit contributions as required by the applicable Agreements, and has caused Plaintiff actual damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**(AUDIT)**

XIV.

Plaintiff incorporates and reallege by reference all the allegations stated above.

XV.

Plaintiff believes that additional amounts may be due and owing and also pray for an audit to determine same.

**WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

1. That Defendant be ordered to pay contributions, liquidated damages and interest in the amount of at least $79,534.87 based on the audit of Defendant's books and records;

2. That Defendant be ordered to pay actual damages according to proof;

3. That Defendant be compelled to submit to an audit by Plaintiff;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.

4.  That this Court issue an Order permanently enjoining Defendant, for so long as it remains obligated to contribute to the Trust Fund, from failing to timely submit required monthly contributions reports and payments as required by the terms of the Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

5.  That Defendant be ordered to pay Plaintiff's attorneys' fees;

6.  That Defendant be ordered to pay costs of suit herein; and

7.  That the Court grants such further relief as this Court deems just and proper.

Dated: May 18, 2020              WEINBERG, ROGER & ROSENFELD
                                 A Professional Corporation

                                 */s/ Tracy L. Mainguy*
                         By:     TRACY L. MAINGUY
                                 Attorneys for Plaintiffs

119841\1084056

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND AUDIT
Case No.